# United States District Court
# For the Central District of California

## WESTERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

WILLIAM MILLAN MORALES
Defendant.

Case №. CR 19-00391-ODW

CV 24-04830-ODW

**ORDER DENYING DEFENDANT'S MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. 2255 [DE-92]**

On June 28, 2019 Morales was indicted for 18:111(a)(1),(b): Assault on a Federal Employee Resulting in Bodily Injury. [DE-1]  Following a number of continuances of the trial, he entered a plea of guilty on September 26, 2022. On he filed a motion to correct, vacate or set aside his sentence [DE-63] on the grounds that he was never informed of the immigration consequences of his guilty plea.  Specifically, he alleges that at the time of his guilty plea, neither his attorney, the interpreter nor the Court advised him of the immigration consequences of pleading guilty.  This allegation is simply untrue and on this basis his motion is denied.

The transcript of his change of plea colloquy with the Court clearly and

1

[] ORDER

unequivocally refutes his assertion.  Specifically, when the prosecutor explained

the consequences of his guilty plea, the following took place:

PROSECUTOR:  WITH RESPECT TO THE IMMIGRATION

CONSEQUENCES, DEFENDANT UNDERSTANDS THAT IF DEFENDANT IS

NOT A UNITED STATES CITIZEN, THE CONVICTION IN THIS CASE MAKE

IT PRACTICALLY

INEVITABLE AND A VIRTUAL CERTAINTY THAT DEFENDANT WILL BE

REMOVED OR DEPORTED FROM THE UNITED STATES.

DEFENDANT MAY ALSO BE DENIED UNITED STATES CITIZENSHIP

AND ADMISSION TO THE UNITED STATES IN THE FUTURE.

DEFENDANT UNDERSTANDS THAT WHILE THERE MAY BE

ARGUMENTS THAT DEFENDANT CAN RAISE AT IMMIGRATION

PROCEEDINGS TO AVOID OR DELAY REMOVAL, REMOVAL IS

PRESUMPTIVELY MANDATORY AND A VIRTUAL CERTAINTY IN THIS

CASE.

DEFENDANT FURTHER UNDERSTANDS THAT REMOVAL AND

IMMIGRATION CONSEQUENCES ARE SUBJECT OF A SEPARATE

PROCEEDING AND THAT NO ONE INCLUDING HIS ATTORNEY OR

THIS COURT CAN PREDICT TO AN ABSOLUTELY CERTAINTY THE

EFFECT OF HIS CONVICTION ON HIS IMMIGRATION STATUS.

DEFENDANT NEVERTHELESS AFFIRMS THAT HE WANTS TO PLEAD GUILTY REGARDLESS OF ANY IMMIGRATION CONSEQUENCES THAT HIS PLEA MAY ENTAIL EVEN IF THE CONSEQUENCE IS AUTOMATIC REMOVAL FROM THE UNITED STATES.

DEFENDANT:  THANK YOU, YOUR HONOR.  (TRANSCRIPT, DE-85, P.14:21 TO P.15:1-16.)

There can be no doubt Mr. Morales was adequately advised of the fact that his guilty plea would make deportation a virtual certainty.  His assertion that he was never advised of the immigration impact of his guilty plea is simply false.  His motion is therefore **DENIED**.

IT IS SO ORDERED.


DATED:  September 30, 2024

The Honorable Otis D. Wright II
United States District Court Judge